[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2008
THOMAS K. KAHN
CLERK

No. 07-14839
Non-Argument Calendar

_____

D. C. Docket No. 03-00185-CV-LGW-1

TOMASZ MARZEC,

Plaintiff-Appellant,

versus

DAVID TOULSON, in his individual
and official capacity as a law
enforcement officer with the Medical
College of Georgia Police Department,
JOSEPH MORBIT, in his individual
and official capacity as a law
enforcement officer with the Medical
College of Georgia Police Department,
MITCHELL JONES, in his individual
and official capacity as a law
enforcement officer with the Medical
College of Georgia Police Department,
DAVID ARCHER, in his individual
and official capacity as a law
enforcement officer with the Medical
College of Georgia Police Department,
STEPHEN PEIPER, Dr., in his individual
and official capacity as an Administrator
at the Medical College of Georgia, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Georgia

**(June 24, 2008)**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Tomasz Marzec ("Marzec") appeals from a jury verdict finding in favor of defendants on all counts. On appeal, Marzec contends that the district court erred in failing to repeat an instruction to the jury limiting the use of some evidence. Because we find that the district court did not abuse its discretion in refusing to repeat the limiting instruction, we affirm the judgment of the district court.

## I. FACTS

Marzec filed suit against defendants after he was injured in an altercation at his workplace, Medical College of Georgia ("College"), in January 2003. The altercation resulted from defendants' unsuccessful attempt to serve Marzec with a letter terminating his employment and to reclaim his identification badge and keys. Marzec's claims at trial included a Title VII retaliation claim,[1] 42 U.S.C. § 1983 claims for excessive force and false arrest, and a state law claim for false

---

[1]Marzec filed a complaint against his supervisor with the College's Equal Employment Opportunity Office in January 2003. Marzec alleged that the decision to fire him was in retaliation for filing this complaint.

imprisonment.  The jury returned a verdict for defendants on all counts.

At trial, defendants' counsel introduced email correspondence between some of Marzec's colleagues at the College and Marzec's supervisor, Stephen Peiper ("Peiper").  The correspondence contained complaints about Marzec's antagonistic behavior toward his colleagues.  Defendants also introduced correspondence between Marzec himself and his colleagues, in which Marzec's antagonistic behavior was apparent.  The email correspondence was introduced to rebut Marzec's claim of retaliatory termination, i.e., to show that Peiper had a legitimate, non-discriminatory reason for terminating Marzec–his difficulty interacting appropriately with his colleagues.  Marzec's counsel asked for a limiting instruction regarding the email correspondence, which the court gave.  The court instructed the jury that the email correspondence, which the court identified by exhibit number, was not being admitted to show the truth of the matter contained therein, but to show the state of mind of the person reading the correspondence.

Before closing arguments, Marzec's counsel requested that the limiting instruction be included in the jury instructions.  The court refused to repeat the instruction but stated that Marzec's counsel could mention it in closing argument.  Counsel for defendants referenced the email correspondence in closing argument in a manner that Marzec now argues is improper, but Marzec made no objection in

regard to defendants' closing argument to the district court. The jury found for defendants on all counts. Marzec now appeals.

## II. DISCUSSION

We review the district court's refusal to repeat a limiting instruction at the end of trial for abuse of discretion. United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997). We also review a district court's denial of a requested jury instruction for abuse of discretion. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995).

In this case, we cannot find that the district court abused its discretion by refusing to repeat the limiting instruction. The law assumes that jurors follow the instructions given to them. See Butler, 102 F.3d at 1196. We therefore assume that the jurors followed the court's original limiting instruction, making repetition of that instruction unnecessary.

Similarly, we cannot find that the district court abused its discretion by failing to include the limiting instruction in the jury instructions. In general, this Court will reverse a district court's denial of a requested jury instruction if the instruction was legally correct, its content was not substantially covered by other instructions, and the requesting party's ability to defend him or herself was seriously impaired by the failure to give the instruction. United States v. Lively, 803 F.2d 1124, 1125-26 (11th Cir. 1986). In this case, Marzec's proposed

instruction was legally correct and was not covered by other instructions. However, Marzec was not prejudiced by the court's refusal to give the instruction. The court had already given the jury a limiting instruction regarding the email correspondence. In addition, there was testimony at trial regarding Marzec's difficulty interacting appropriately with his colleagues. As a result, the email correspondence subject to the limiting instruction was cumulative of other evidence regarding Marzec's behavior. Therefore, even if the district court erred in refusing to give the limiting instruction as part of the jury charge, the error would be harmless. See Drew P. v. Clarke County Sch. Dist., 877 F.2d 927, 931-32 (11th Cir. 1989) (holding that any error in admitting alleged hearsay evidence was harmless because the purported hearsay was cumulative of other, properly-admitted evidence).

Finally, we are unconvinced by Marzec's argument that a limiting instruction was necessary because defense counsel improperly asserted in closing argument that the allegations contained in the email correspondence were true. Marzec failed to object at trial to defense counsel's characterization of the email correspondence. We review for plain error arguments that were not preserved for appeal by an objection in the trial court. Fed. R. Evid. 103. To correct plain error, we first must find (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Swatzie, 228 F.3d 1278, 1281 (11th Cir. 2000). As we have

already noted, the allegations in the email correspondence were cumulative of other, properly-admitted evidence. Even if the district court erred in failing to clarify the limited purpose of the email correspondence, which we doubt, such error would not have affected Marzec's substantial rights. Accordingly, the judgment of the district court is

AFFIRMED.[2]

---

[2]Appellant's request for oral argument is DENIED.